Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GALLO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ENFANTS RICHES DEPRIMES, LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>1. Copyright Infringement;<br>2. Vicarious and/or Contributory Copyright Infringement<br><br>**Jury Trial Demanded** |

1
COMPLAINT

Plaintiff, VINCENT GALLO ("Gallo" or "Plaintiff"), by and through his undersigned attorneys, complains and alleges against Defendants as follows:

## NATURE OF ACTION

1. Plaintiff seeks injunctive relief and damages stemming from Defendants', ENFANTS RICHES DEPRIMES, LLC ("ERD"), and DOES 1-10 (collectively "Defendants"), acts of copyright infringement in violation of the laws of the United States of America.

## JURISDICTION AND VENUE

2. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

4. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

5. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Venue and personal jurisdiction may also be appropriate under Fed. R. Civ. P. 4(k)(2).

## PARTIES

6. Plaintiff is an individual residing in Arizona.

7. Plaintiff is informed and believes and thereon alleges that Defendant ERD is a Delaware limited liability company with its primary place of business located at 2720 Woodhaven Drive, Los Angeles, CA, 90068-1934 and is the owner of the website located at https://enfantsrichesdeprimes.com.

8. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive (collectively with ERD, "Defendants"), are other

parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT WORK

10. Plaintiff is a renowned professional musician, actor, and director. Plaintiff is known for his work in music and film and has released several solo recordings on Warp Records.

11. Plaintiff created and owns the original song titled "I Wrote This Song For The Girl Paris Hilton," which he released on October 1, 2001 (the "Subject Work.")

12. Plaintiff is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Work.

13. The Subject Work is registered with the U.S. Copyright Office.

14. Prior to the acts complained of herein, the Subject Work was published to the public.

15. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Work for commercial benefit by, without limitation, reproducing the Subject Work in a brand advertisement entitled "Desolate Then," which was released to promote Defendants' apparel. Evidence of Defendants' unauthorized exploitation of the Subject Work are depicted in **Exhibit B** attached hereto ("Infringing Content"). These copies and screen captures represent non-inclusive exemplars of the Infringing Content, which encompasses all uses, in whole or in part, of the Subject Work by Defendants, and each of them.

16. On information and belief it is alleged that Defendants, and each of them, distributed, displayed, broadcast, and/or streamed the Infringing Content on platforms like YouTube and Vimeo and distributed it to media outlets with the intent that they further distribute, display, broadcast and stream the Infringing Content.

17. Plaintiff has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, create derivative works of, or otherwise exploit the Subject Work. The Defendant did not contact Plaintiff and obtain a license to use the Subject Work before the exploitation at issue.

18. Prior to the filing of this litigation, Plaintiff, through his attorneys, contacted Defendant and demanded that they remove the infringing work at issue and requested that they resolve the dispute on a reasonable basis. Defendants failed to meaningfully respond.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

19. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Work, including, without limitation, through Plaintiff's websites or viewing the Subject Work on third-party websites and streaming applications (e.g., Spotify, Soundcloud, and so forth).

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed the Subject Work, and exploited said track in their advertisement without Plaintiff's authorization or consent.

22. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

23. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Work in an amount to be established at trial.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, which exposes Defendants, and each of them, to certain elevated and/or statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

25. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

26. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal

reproduction and distribution of the Subject Work as alleged hereinabove. Such conduct included, without limitation, publishing the track obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

27. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

28. Due to Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Work, in an amount to be established at trial.

30. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to further liability for statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Work, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Work from any film, video advertisement, or other publication owned, operated and controlled by any Defendant;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 504, 505, 1203;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 504, 505, 1203;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: May 23, 2022                                        Respectfully submitted,

By: _____
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff

# **EXHIBIT A**

**Vincent Gallo**

**I Wrote This Song for the Girl Paris Hilton**

▶ PLAY TRACK

Listeners  Scrobbles
41.6K    185K

# EXHIBIT B

